IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

CHARLES F. DAVIS,                          )
                                           )
            Petitioner,                    )
                                           )
     v.                                    )          CV 121-171
                                           )
TIMOTHY WARD, Commissioner,                )
Georgia Department of Corrections,         )
                                           )
            Respondent.                    )

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate at Riverbend Correctional Facility in Milledgeville, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2254.  Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

## I.    BACKGROUND

This case challenges the validity of Petitioner's conviction for one count each of aggravated assault, possession of a firearm during the commission of a crime, and influencing a witness, as determined by a jury in Richmond County, Georgia, after a trial conducted March 5 and 6, 2018.  (Doc. no. 8-12, pp. 118, 121-22.)  The charges stemmed from an altercation in which the victim reported he and Petitioner got into a physical fight over money, and Petitioner

hit him with a handgun.  (Doc. no. 8-8, pp. 32-33; doc. no. 8-12, pp. 126-28.)  A witness reported seeing Petitioner with a firearm during the altercation with the victim and later when law enforcement officers were on the scene to collect information about the incident.  (Doc. no. 8-8, p. 34.)  The trial court sentenced Petitioner to twenty years in prison for the aggravated assault, and two, consecutive, five-year terms for firearm possession and influencing a witness, respectively.  (Doc. no. 8-12, p. 123.)  Appointed counsel, Thomas McCants, represented Petitioner at trial.  (Id. at 124.)  Mr. McCants filed a motion for new trial on Petitioner's behalf on March 28, 2018.  (Id. at 138-40.)  New counsel, Eric C. Crawford, made his entry of appearance on May 3, 2018.  (Id. at 143.)

While that motion for new trial was pending, Petitioner filed a federal petition for a writ of habeas corpus challenging the three Richmond County convictions.  See Davis v. Brooks, CV 118-185 (S.D. Ga. Oct. 24, 2018.)  When the Court recommended dismissing the petition without prejudice because Petitioner had not exhausted his claims in state court, Petitioner objected that he should be excused from the exhaustion requirement because the trial court had not ruled within the ninety-day time limit imposed by O.C.G.A. § 15-6-21.  Id., doc. no. 8.  Chief United States District Judge J. Randal Hall rejected the argument and explained Petitioner's remedy for a violation of the time limits of the statute was to seek mandamus and impeachment of the judge.  Id., doc. no. 9, p. 1 (citing Jackson v. Walker, 206 F. App'x 967, 969 (11th Cir. 2006) (per curiam)).  Judge Hall dismissed the case on December 12, 2018.  Id. at 2.

Unwilling to wait on a ruling from the state trial court, Petitioner filed a *pro se* notice to withdraw the motion for new trial and to waive his direct appeal on December 31, 2018. (Doc. no. 8-12, pp. 154-55.)  Attorney Crawford withdrew the motion for new trial on February 14, 2019.  (Id. at 158.)

Petitioner next moved to the state habeas courts, filing his *pro se* state habeas corpus petition on March 22, 2019.  (Doc. no. 8-1, p. 1.)  After filing a first and second amended state habeas petition on July 8 and September 23, 2019, an evidentiary hearing was held December 16, 2019.  (Doc. no. 8-2, p. 1; doc. no. 8-3, p. 1; doc. no. 8-8, p. 1.)  In a written order filed on April 21, 2019, the state habeas court denied Petitioner relief.  (See doc. no. 8-4.)  Relevant to these federal proceedings, Petitioner argued in his original and amended state petitions that Investigator April M. Cody ("Inv. Cody") with the Richmond County Sheriff's Department knowingly and intentionally included false statements in her arrest warrant applications, and more particularly misrepresented that she had personal knowledge Petitioner possessed a firearm during the commission of a crime.  Petitioner contended that because of the alleged impropriety of the warrant process, his entire prosecution was void, and resulted in a miscarriage of justice.  (Doc. no. 8-1, p. 5; doc. no. 8-2, pp. 1-2; doc. no. 8-3, pp. 1-2; doc. no. 8-4, pp. 3-4, 6-8.)

The Supreme Court of Georgia denied Petitioner's application for a certificate of probable cause to appeal ("CPC") on October 19, 2021, and issued its remittitur on November 12, 2021.  (Doc. nos. 8-5, 8-6, 8-7.)  In a one-sentence order, the Georgia Supreme Court stated, "Upon consideration of the application for certificate of probable cause to appeal the

denial of habeas corpus, it is ordered that it be hereby denied."  (Doc. no. 8-6, p. 1.)

In the current federal petition, executed on November 4, 2021, Petitioner raises one ground for relief:

> Petitioner asserts he is being held in violation of his 4th and 14th Amendment rights of the Constitution of the U.S. of America and is being subject to a grave miscarriage of justice.

> Petitioner asserts Richmond County Inv. April M. Cody knowingly and intentionally perjured false statements within the Petitioner's warrant applications, after his arrest, to procure his indictment, malicious prosecution, convictions, and sentences rendering proceedings void ab initio.

(Doc. no. 1, p. 5.)  More particularly, Petitioner claims that because Inv. Cody provided false information in the arrest warrant related to the charge for possession of firearm during the commission of a crime, he should never have been arrested or charged with, let alone convicted of, that offense, and therefore the entirety of his underlying proceedings were "void ab initio." (Doc. no. 6, pp. 1-2; doc. no. 9, p. 2.)  Petitioner also requests an evidentiary hearing.  (Doc. no. 6, p. 4.)

## II.    NO RIGHT TO EVIDENTIARY HEARING

### A.    Analytical Framework for Considering Hearing Request

When determining whether an evidentiary hearing is warranted, the Court must consider the restrictions of § 2254(e)(2), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"):

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that - -

> (A)    the claim relies on - -

4

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B)     the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).  Because this code section applies only when an "applicant has failed to develop the factual basis of a claim," an evidentiary hearing is prohibited where a petitioner fully developed the factual basis of his claim in state court.

A petitioner who has "failed to develop the basis for a claim" must establish "a factual predicate that could not have been previously discovered through the exercise of diligence." § 2254(e)(2)(A)(ii).  Diligence is a reasonable attempt, in light of the information then available, to investigate and pursue claims in state court.  Williams v. Taylor, 529 U.S. 420, 436 (2000).  A petitioner is not diligent when he has failed to present evidence despite notice, access to the evidence, and sufficient time to prepare.  Pope v. Sec'y Dep't of Corr., 680 F.3d 1271, 1289 (11th Cir. 2012).  Petitioner must also "persuade the [Court] that the proffered evidence would affect the resolution of the claim."  Breedlove v. Moore, 74 F. Supp. 2d 1226, 1233 (S.D. Fla. 1999) (citing Bolender v. Singletary, 16 F.3d 1547, 1555 n.9 (11th Cir. 1994)); see also Stephens v. Kemp, 846 F.2d 642, 650-51 (11th Cir. 1988) (same).  "[I]f a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the

5

petitioner is not entitled to an evidentiary hearing." <u>Chavez v. Sec'y Fla. Dep't of Corr.</u>, 647 F.3d 1057, 1060 (11th Cir. 2011).

The Court must also consider § 2254(d), as follows:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"'[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits' . . . and therefore 'evidence introduced in federal court has no bearing on § 2254(d)(1) review.'" <u>Landers v. Warden</u>, 776 F.3d 1288, 1295 (11th Cir. 2015) (quoting <u>Cullen v. Pinholster</u>, 563 U.S. 170, 181, 185 (2011)) (internal citations omitted).  The restriction "applies even more clearly to § 2254(d)(2), which contains an explicit textual restriction to evaluate the state court ruling only 'in light of the evidence presented in the State court proceeding.'" <u>Id.</u> (quoting § 2254(d)(2)).

Furthermore, "although § 2254(e)(2) permits federal habeas courts to take new evidence in an evidentiary hearing, that provision applies only when the petitioner has either satisfied § 2254(d), or the federal court is deciding claims that were not adjudicated on the merits in state court." <u>Locke v. Sec'y, Fla. Dep't of Corr.</u>, No. 5:15cv55/RV/EMT, 2016 WL 3647795,  at *32 (N.D. Fla. May 12, 2016) (citing <u>Cullen</u>, 563 U.S. at 185-86), *adopted by*,

6

2016 WL 3647875 (N.D. Fla. June 30, 2016); see also Pope v. Sec'y, Fla. Dep't of Corr., 752 F.3d 1254, 1263 (11th Cir. 2014) ("§ 2254(d) must be satisfied before a federal habeas court may consider any § 2254(e)(2) evidence.") (citing Cullen, 563 U.S. at 181-82).

### B.   Petitioner Is Not Entitled to an Evidentiary Hearing

Petitioner is not entitled to an evidentiary hearing because he has entirely failed to show the facts underlying his single claim would be sufficient to establish by clear and convincing evidence that but for the alleged constitutional error no reasonable factfinder would have found him guilty of his three counts of conviction.  Likewise, he has not argued, let alone satisfied, any of the requirements outlined above with respect to development of the factual basis for a claim or establishment of due diligence concerning the investigation and pursuit of his claim in state court.  Indeed, Petitioner acknowledges the documents upon which he relies to support his claim were presented as evidence at the state habeas proceedings.  (Doc. no. 6, pp. 2-3.) Nothing in the record suggests Petitioner was prevented in any way from investigating his claim.  Likewise, Petitioner offers no argument in support of his conclusory request for an evidentiary hearing and has not proffered any new evidence, let alone shown any such evidence would affect the resolution of his sole federal claim for relief, which as discussed below, is procedurally defaulted.  Accordingly, the request for an evidentiary hearing should be **DENIED**.

### III.   STANDARD OF REVIEW

Under § 2254(d), as amended by AEDPA and as set forth above, federal habeas corpus relief is not available on a claim adjudicated on the merits in State court unless the  decision

(1) was contrary to, or involved an unreasonable application of  clearly established Federal law, or (2) was based on an unreasonable determination of the facts in light of the State court evidence.  The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011).  Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen, 563 U.S. at 181 (citations omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result.  A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted).  Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is wrong; "even clear error will not suffice." White v. Woodall, 572 U.S. 415, 419 (2014).  Rather, the habeas petition must show the state court decision was "objectively unreasonable." Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Woods v. Donald, 575 U.S. 312, 316 (2015) (a petitioner must show the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing

law beyond any possibility for fairminded disagreement.").  A showing that the state court's determination was unreasonable is a substantially higher threshold than whether it was correct. Reed v. Sec'y, Fla. Dep't of Corr., 767 F.3d 1252, 1260-61 (11th Cir. 2014); Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1325 (11th Cir. 2013).   In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 563 U.S. at 181.

Moreover, under AEDPA's highly deferential standard of review for state court factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2). Additionally, § 2254(e)(1) requires the Court "to presume the correctness of state courts' factual findings" unless the habeas petitioner rebuts that presumption "with clear and convincing evidence." Nejad v. Att'y Gen., State of Ga., 830 F.3d 1280, 1289 (11th Cir. 2016) (citing Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007)); see also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review.").  "The Supreme Court has not yet defined § 2254(d)(2)'s precise relationship to § 2254(e)(1). . . .  Whatever that precise relationship may be, a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Tharpe v. Warden, 834 F.3d 1323, 1336 (11th Cir. 2016) (citing Wood v. Allen, 558 U.S. 290, 301 (2010)).

## IV.     DISCUSSION

Petitioner's sole ground for relief is based on the assertion Inv. Cody knowingly and intentionally provided false information to the judge from whom she sought arrest warrants for Petitioner after he was involved in a physical altercation on September 5, 2017.  (See doc. no. 8-8, pp. 37-39, 142.)  In particular, Petitioner claims that because Inv. Cody provided false information in the arrest warrant related to the charge for possession of firearm during the commission of a crime, he should never have been arrested or charged with, let alone convicted of, that offense, and therefore the entirety of his underlying proceedings were "void ab initio." (Doc. no. 6, pp. 1-2; doc. no. 9, p. 2.)    Respondent argues the claim is procedurally defaulted, as found by the state habeas court, and alternatively, the ground is without merit.

### A.     A Federal Habeas Petitioner Defaults a Claim by Failing to Properly Exhaust State Remedies

AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss unexhausted habeas claims the petitioner did not raise in state court, but could have raised by any available procedure.  28 U.S.C. § 2254(b)(1)(A) & (c).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional

claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-54 (11th Cir. 2012); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).  Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available.  McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005).

A federal habeas petitioner can run afoul of procedural default rules in one of two ways, depending on whether the claim is an old one the petitioner already attempted to assert unsuccessfully in state court, or a new one the petitioner never attempted to raise in state court. First, a federal habeas petitioner cannot revive an old claim that a state court previously denied on independent and adequate procedural grounds.  "As a general rule, a federal habeas court may not review state court decisions on federal claims that rest on state law grounds, including procedural default grounds, that are 'independent and adequate' to support the judgment." Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1335 (11th Cir. 2012).

A state court decision rests on "independent and adequate" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and
> expressly say that it is relying on state procedural rules to resolve the federal

claim without reaching the merits of the claim.  Second, the state court decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law.  Finally, the state procedural rule must be adequate; *i.e.,* it may not be applied in an arbitrary or unprecedented fashion.  The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for purposes of the procedural default doctrine.  In other words, a state procedural rule cannot bar federal habeas review of a claim unless the rule is "firmly established and regularly followed."

Id. at 1336 (internal quotations and citations omitted).  Additionally, the Supreme Court has made clear that "a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court had discretion to reach the merits despite the default."  Walker v. Martin, 562 U.S. 307, 311 (2011).

Second, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim in his federal petition that would be procedurally barred if he attempted to raise it in state court.  In such instances, unless the petitioner either establishes the cause and prejudice or the fundamental miscarriage of justice exception, the failure to bring the claim properly in state court has "matured into a procedural default."  Smith v. Jones, 256 F.3d 1135, 1138-39 (11th Cir. 2001).  Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."  Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1342 (11th Cir. 2009) (citing Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998)); Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999).  To determine whether a claim is procedurally barred in this way, the federal court must ask whether "it is clear from state law that any future attempts at exhaustion would be futile."  See Bailey, 172 F.3d at 1305.

Simply put, if a claim has not been "fairly presented to the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006). To that end, absent a showing of either cause to excuse the default and actual prejudice or a fundamental miscarriage of justice, O.C.G.A. § 9-14-48(d) precludes state habeas review of any issue not preserved for collateral attack in a state court by timely objecting and raising the issue on appeal. See Devier v. Zant, 3 F.3d 1445, 1454-55 (11th Cir. 1993) (citing O.C.G.A. § 9-14-48(d) and upholding a finding of procedural default on numerous claims); see also Waldrip v. Head, 620 S.E.2d 829, 835-36 (Ga. 2005) ("Claims not raised on direct appeal are barred by procedural default, and in order to surmount the bar to a defaulted claim, one must meet the 'cause and prejudice' test."); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows:  a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). In addition, Georgia law prohibits the assertion of state habeas claims in any successive petition that could have been asserted in the original state habeas petition. O.C.G.A. § 9-14-51; Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court . . . .").

### B. Consideration of Petitioner's Claim Is Barred Because the State Court Finding the Claim Was Not Properly Preserved Is an Independent and Adequate State Ground for Denying Relief

"[W]here . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that

bar and consider the merits." Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); see also Wilson v. Sellers, 584 U.S.-, 138 S. Ct. 1188, 1193-94 (U.S. 2018) (applying Ylst "look through" presumption when relevant state court decision on the merits does not come accompanied with statement of reasons).  Thus, because the state supreme court decision on the CPC application was not accompanied by reasons for affirming the denial of state habeas relief, (doc. no. 8-6, p. 1), this Court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale."

The state habeas court ruled, "Due to Petitioner's failure to pursue a direct appeal, this issue [the alleged knowing and intentional false statements by Inv. Cody], which could have been raised on direct appeal has been waived and a procedural bar exists to its consideration on habeas corpus."  (Doc. no. 8-4, p. 6 (citing Black v. Hardin, 255 Ga. 239 [336 S.E.2d 754] (1985).)  In Black, the Georgia Supreme Court ruled that failing to timely object "to *any* alleged error or deficiency or to pursue the same on appeal" usually precludes review in state habeas proceeding unless there is a "showing of adequate cause for failure to object or to pursue and appeal *and* a showing of actual prejudice."  Black, 336 S.E.2d at 755.  The court went on to reverse the grant of habeas corpus relief because the petitioner had not shown cause and prejudice for failing to raise the constitutional claims on appeal, and there had been no miscarriage of justice.  Id.

Here, the state habeas court applied Black, and determined Petitioner had not established cause and actual prejudice for failing to raise his issue regarding the arrest warrant at the earliest practicable moment and had not shown he was actually innocent such that his

default could be excused under the miscarriage of justice exception, explicitly noting that the jury had found him guilty beyond a reasonable doubt.  (Doc. no. 8-4, p. 7.)  Because Petitioner's sole federal claim was not timely raised in the underlying state court proceedings and was denied by the state court under state procedural default rules "firmly established and regularly followed," it is procedurally defaulted in these proceedings and provides no basis for federal habeas relief.  See Boyd, 697 F.3d at 1336; McNair, 416 F.3d at 1305; Smith, 256 F.3d at 1139.

Petitioner readily acknowledges the general rule that failure to pursue a direct appeal precludes habeas corpus relief.  (Doc. no. 9, p. 1.)  There is also no question Petitioner withdrew his motion for new trial and waived his right to a direct appeal.  (Doc. no. 8-12, pp. 154-55, 158.)  However, Petitioner argues there is an exception to the general procedural default rule in Georgia when the applicant for relief is detained pursuant to an "absolutely void" judgment.  (Doc. no. 6, p. 1 & doc. no. 9, p. 1 (citing Lewis v. Ford, 248 Ga. 820 [286 S.E.2d 714] (1982) (per curiam).)  In Lewis, the Georgia Supreme Court ruled the "failure to pursue an appeal did not, ipso facto, render habeas corpus an 'inappropriate remedy,'" and remanded the case for investigation of whether the petitioner's judgment was absolutely void. Id. at 715.  Where Petitioner's argument falters, however, is his assumption that his judgment is void based on alleged irregularities in obtaining an arrest warrant.

Even if the Court assumed for the sake of argument Petitioner had shown a problem with how Inv. Cody obtained the arrest warrants, which he has not, the law is well-settled an illegal arrest alone does not bar a subsequent prosecution, nor serve as a defense to a valid

conviction.  See Lackey v. State, 271 S.E.2d 478, 481-82 (Ga. 1980); Moore v. State, 331 S.E.2d 115, 117 (Ga. Ct. App. 1985) ("[B]ecause appellant has been indicted and convicted, an illegal arrest is not, in and of itself, a ground for reversal."); Schauver v State, 247 S.E.2d 228, 229 (Ga. Ct. App. 1978) ("Even if, as appellant contends, his arrest was illegal, an illegal arrest does not void a subsequent conviction."); see also Morrison v. State, 626 S.E.2d 500, 502 (Ga. 2006) ("Georgia has long recognized that the manner by which an accused is brought before a court has no bearing on the court's jurisdiction in a criminal proceeding."); Roberts v. State, 302 S.E.2d 732, 733 (Ga. Ct. App. 1983) ('Even assuming *arguendo* that a[n arrest] warrant was required, it is well settled that an illegal arrest or detention does not void a subsequent conviction.").

Petitioner's reliance on Monroe v. Sigler, 256 Ga. 759, 353 S.E.2d 23 (1987), for the proposition that there exists a fraud exception to the rule that conviction by a jury negates his probable cause argument is inapposite.  (Doc. no. 1-1, p. 3.)  Monroe was a civil malicious prosecution case in which the court announced a fraud caveat concerning obtaining a conviction at trial when considering whether a trial court's denial of a motion for directed verdict was a binding determination on probable cause that was a valid defense in the malicious prosecution case, and which involved allegations the crime victim made a false report to a judge.  Monroe, 353 S.E.2d at 24-25.  Here, Petitioner makes no allegation of fraud by anyone at his criminal trial, and instead makes conclusory arguments about false statements in arrest warrant applications.  The civil context of Monroe does not advance Petitioner's argument in a criminal case decided adversely to him by a jury.

16

Petitioner made a calculated choice to skip the direct appeal process because he did not want to wait for the preparation of the trial transcript.  (Doc. no. 8-8, p. 17 (describing decision to withdraw from direct appeal process after finding out it could take three to four years for preparation of transcript).)  Petitioner decided that because he believed he had a claim of "actual innocence," (id. at 7), he could skip the procedural requirements regarding raising his alleged errors at the proper stage of his underlying criminal proceedings and obtain relief from the state habeas court under the miscarriage of justice exception to the cause and prejudice requirement.  (Id. at 17 (citing O.C.G.A. § 9-14-48(b)).[1]  It turned out the state habeas court disagreed.  The state habeas court denied relief based on the independent and adequate state ground of the procedural bar of failing to raise his warrant issue at the earliest practicable moment.

Moreover, Petitioner's actual innocence claim does not pertain to all three of the crimes of which he was convicted, (see doc. no. 9), and the state habeas court made a finding that Petitioner did not produce evidence he was actually innocent of the crimes for which he was convicted and did not produce evidence to support his general allegation that Inv. Cody made false statements.  (Doc. no. 8-4, pp. 7-8.)  To the extent Petitioner is attempting to challenge these factual findings, he has presented nothing in these proceedings to challenge that state court findings, let alone to satisfy AEDPA's highly deferential standard set forth in Part III, *supra*.  Petitioner maintains his interpretation of the warrant applications and the lack of a

---

[1]There appears to be a scrivener's error in the state habeas transcript, as the exception actually is codified at O.C.G.A. § 9-14-48(d) and states:  "In all cases habeas corpus relief shall be granted to avoid a miscarriage of justice."

grand jury transcript showing exactly what Inv. Cody testified to establishes his convictions are void.  (Doc. no. 1-1, p. 2; doc. no. 6, pp. 2-3.)  However, as discussed above, the manner in which a defendant appears before the court does not void a subsequent conviction or undermine the court's jurisdiction.  Moreover, as discussed *infra*, Petitioner's interpretation of the warrants does not show Inv. Cody obtained the arrest warrants in violation of Petitioner's constitutional rights by presenting false information.  In sum, Petitioner's claim for relief is barred in these federal proceedings.

### C.  Petitioner Cannot Satisfy the Cause and Prejudice Standard to Justify Federal Review of His Defaulted Claim, and the Miscarriage of Justice Exception Does Not Apply

#### 1.  Petitioner Has Shown Neither Cause  Nor Prejudice

"A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default."  Jones, 436 F.3d at 1304 (citing Wainwright v. Sykes, 433 U.S. 72, 97 (1977)).  "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule."  Maples v. Thomas, 565 U.S. 266, 280 (2012) (internal quotation marks omitted).  "Once cause is proved, a petitioner also must prove prejudice.  He must show 'not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"  Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

Petitioner has presented no valid justification for failing to raise his defaulted claim at the proper time in his state proceedings, let alone something external to him that cannot be fairly attributed to him. Indeed, as explained above, Petitioner made a calculated decision to skip the direct appeal process and move directly to the state habeas courts based on his, as it turned out incorrect, estimation that the state habeas court could provide him the relief he sought without having to follow state procedural rules regarding a direct appeal. As a petitioner must show cause *and* prejudice for failing to raise the claims, his failure to satisfy the cause prong is fatal to his claim.

For the sake of completeness, the Court also finds Petitioner has not shown actual prejudice that infected his entire trial with error of constitutional dimension. Indeed, a jury convicted Petitioner of three of the four charges brought against him, including the possession of a firearm charge which he believes was based on an invalid warrant. Petitioner provides no evidence with respect to what happened at trial, let alone that an allegedly false representation at the beginning of his criminal proceedings had any impact on the determination of the jury at trial. He simply argues the manner in which he was called before the court to answer the charges against him was incorrect.

In sum, Petitioner cannot meet the two-prong cause and prejudice standard to excuse his procedural default.

### 2. No Miscarriage of Justice

"Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice." <u>Jones</u>, 436 F.3d

at 1304 (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986)).   The narrow fundamental miscarriage of justice exception encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime.   <u>Murray</u>, 477 U.S. at 496; <u>see also</u> <u>Johnson</u>, 256 F.3d at 1171 ("This exception is exceedingly narrow in 'scope, as it concerns a petition's 'actual' innocence rather than his 'legal' innocence.").   "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623-24 (1998) (citation omitted).   The actual innocence gateway standard is demanding, and "in virtually every case, the allegation of actual innocence has been summarily rejected." <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998) (citations omitted). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 386 (2013) (citations omitted).

Petitioner does not offer any new evidence that he is probably, factually innocent of the crimes for which he was convicted.[2]   In fact, he does not offer any *evidence*.   Rather, he offers

---

[2]Also, the Eleventh Circuit has reiterated there is no freestanding claim of actual innocence because "'[f]ederal courts are not forums in which to relitigate state trials.'" <u>Raulerson v. Warden</u>, 928 F.3d 987, 1004 (11th Cir. 2019) (quoting <u>Herrera v. Collins</u>, 506 U.S. 390, 401 (1993)).   "It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since trial." <u>Id.</u> (citing <u>Brownlee v. Haley</u>, 306 F.3d 1043, 1065 (11th Cir. 2002)).   "[A]bsent an independent constitutional violation occurring in the underlying state criminal proceeding," Eleventh Circuit precedent forecloses habeas relief based on a claim of actual innocence. <u>Id.</u> (citations omitted).

an alternate *legal* interpretation of the warrant applications submitted by Inv. Cody. Indeed, as the state habeas court pointed out, Petitioner had the chance on direct appeal, but declined via his waiver of right to appeal, to challenge the sufficiency of the evidence. (Doc. no. 8-4, pp. 7-8.)

Moreover, even if the Court were able to consider Petitioner's legal arguments, they are without merit. Petitioner argues he was arrested without a warrant - and without legal process - on September 5, 2017, for aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. (Doc. no. 1-1, p. 1.) He maintains that after he was arrested, booked, and charged, but before he was indicted, Inv. Cody "obtained arrest warrants on the strength of her Sworn Statement that the Petitioner had committed" multiple firearm offenses even though she knew a firearm had never been recovered at the scene of the crime. (Id. at 1-2.) Petitioner maintains Inv. Cody "knowingly and intentionally made a false statement" in the warrant applications because she stated the gun was not located but had been witnessed in his possession. (Id.) Petitioner concludes Inv. Cody "violated a clearly established duty not to seek a warrant on the basis of perjured testimony" because she knew the firearm had not been located. (Id. at 2.)

"The Fourth Amendment prohibits warrantless arrests absent probable cause. Probable cause to arrest exists when the totality of the facts and circumstances support a reasonable belief that the suspect had committed or was committing a crime." United States v. Mancilla-Ibarra, 947 F.3d 1343, 1349 (11th Cir. 2020) (internal citations and quotation marks omitted). In analyzing probable cause, the courts "ask whether a reasonable officer could conclude . . .

that there was a substantial chance of criminal activity." <u>Washington v. Howard</u>, 25 F.4th 891, 902 (11th Cir. 2022) (citing <u>District of Columbia v.</u> Wesby, 138 S. Ct. 577, 588 (U.S. 2018)); <u>see also</u> <u>United States v. Wilson</u>, 979 F.3d 889, 908 (11th Cir. 2020) (applying standard more demanding than <u>Wesby</u> and requiring consideration whether the "facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe" a crime has been, is being, or is about to be committed but still concluding probable cause existed). "Probable cause is not a high bar. The mere 'probablity or substantial chance of criminal activity' is all that is needed." <u>United States v. Delgado</u>, 981 F.3d 889, 897 (11th Cir. 2020) (citations omitted). A defendant challenging a warrant on the theory an affiant made an intentionally false or recklessly misleading statement must make a substantial preliminary showing not only that the statements were false or recklessly misleading, but also that the contested statements changed the probable cause showing. <u>United States v. Barsoum</u>, 763 F.3d 1321, 1329 (11th Cir. 2014). Here, Petitioner's conclusory allegations do not satisfy his high burden.

The record contains the warrant application for possession of a firearm by a convicted felon in which Inv. Cody states "to the best of his/her personal knowledge and belief," Petitioner unlawfully possessed an unknown make and model firearm after a prior felony conviction. (Doc. no. 8-8, p. 39.) The application specifically stated the gun was not located but had been witnessed in Petitioner's possession by witness Willie Hunter. (<u>Id.</u>) The investigative summary confirms Mr. Hunter reported seeing Petitioner with a gun. (<u>Id.</u> at 34.)

Petitioner has identified nothing about the statements in the warrant application that is false or recklessly misleading.

Inv. Cody identified the basis for her "personal knowledge and belief" as the reported observations of Mr. Hunter.  There is no per se rule requiring independent police corroboration of every aspect of the probable cause determination.  See United States v. Brundidge, 170 F.3d 1350, 1353 (11th Cir. 1999).  Inv. Cody had a police interview confirming Petitioner had been seen by witness Wille Hunter and victim Robert Jackson with a firearm, and as to felon in possession warrant, she verified - and Petitioner does not contest - that he was a convicted felon at the time he was seen with a weapon.  (See doc. no. 8-8, pp. 32-39, 142.)  Indeed, the investigative summary states the victim sustained a laceration behind his left ear after Petitioner struck him with a pistol.  (Id. at 32-33.)

In sum, the record does not support Petitioner's conclusion that Inv. Cody made false statements in her warrant applications.  As discussed above, probable cause is not a high bar, and the probable cause determination is based on the information within the officer's knowledge as to whether there is a "probability or substantial chance of criminal activity." Wesby, 138 S. Ct. at 586;  Delgado, 981 F.3d at 897;  Wilson, 979 F.3d at 908.  All of the statements contained in the warrant application were within Inv. Cody's knowledge at the time she made them to the judicial officer.  Petitioner has not made any showing to the contrary.  Rather, Petitioner seems to argue that he never should have been arrested because the firearm described by a witness and the victim during the course of the pre-arrest investigation was never located.  However, Petitioner had a jury trial at which his guilt was determined based on

the evidence presented.  Petitioner challenges nothing that occurred at his trial, only what happened leading up to his arrest.  Petitioner's alleged problems regarding his arrest—even if they did have merit, but as shown above do not—have no bearing on the validity of a subsequent conviction.  See, e.g., Lackey, 271 S.E.2d at 481-82.

Finally, to the extent Petitioner argues the indictment in his underlying criminal case is based on the same problematic information provided by Inv. Cody in her warrant applications, that claim, too, has no merit.  Not only has Petitioner provided only his conclusory assumption as to what Inv. Cody testified to during the grand jury proceedings, but even assuming she testified at grand jury to the exact same information in her warrant applications, as discussed in detail above, the record does not show Inv. Cody made any false statement.

Accordingly, the sole claim for federal habeas corpus relief has been defaulted, is not excused by any exception, and provides no basis for relief in these proceedings.

## V.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 19th day of May, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

24